UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIGNATURE FINANCIAL LLC,
d/b/a SIGNATURE FINANCIAL
AND LEASING LLC,

    Plaintiff,
v.                                        Case No.: 8:22-cv-1906-VMC-AAS

SAMANTHA S. LINDSAY d/b/a
FAMILY FIRST WELLNESS, and
SAMANTHA S. LINDSAY,
individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Signature Financial LLC, doing business as Signature Financial and Leasing LLC (SFL) moves for entry of partial default judgment against Defendant Samantha S. Lindsay, M.D. in her individual capacity. (Doc. 10). SFL's motion notes Dr. Lindsay's business (and the co-defendant in this case), Family First Wellness, LLC (FFW) "filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code." (Doc. 10, p. 11). Thus, SFL moves only for default against Dr. Lindsay for SFL's breach of contract claim against Dr. Lindsay individually (Count II). Dr. Lindsay did not

1

respond, and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla.[1] For the reasons stated below, the undersigned **RECOMMENDS** that SFL's motion (Doc. 10) be **GRANTED in part.**

**I.     BACKGROUND**

This action arises from the defendants' alleged breach of a contractual agreement entered between the parties on May 25, 2021. (Doc. 1). On May 25, 2021, FFW entered into a contractual agreement with Me and My Pal, Inc. (MMP) for the purchase of an Emsculpt Neo Workstation. (*Id.* at ¶ 6). This agreement stated FFW would pay sixty (60) consecutive monthly installments of $7,066.50 to MMP. (*Id.* at ¶ 7). Dr. Lindsay unconditionally guaranteed the payment and performance of the agreement between FFW and MMP, as well as MMP's security interest in the Emsculpt Neo Workstation as collateral between FFW and MMP. (*Id.* at ¶ 33). MMP assigned its interest in its agreement with FFW and guarantees with Dr. Lindsay to SFL on July 1, 2021. (*Id.* at ¶ 10). After paying its first ten monthly installments, FFW failed to make the required monthly payments for June 2022, July 2022, and August 2022. (*Id.* at ¶ 18–19).

---

[1] Because Dr. Lindsay failed to timely respond to SFL's motion for default judgment, the court may treat the motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

SFL filed the present lawsuit on August 19, 2022. (Doc. 1). SFL served Dr. Lindsay in her capacity as owner and operator of FFW and in her individual capacity on August 25, 2022. (Doc. 6). The defendants failed to respond to the complaint. The Clerk granted SFW's motion for clerk's default (Doc. 8) against the defendants on September 30, 2022. (Doc. 9).

SFL now moves for entry of default judgment against the defendants. (Doc. 10). After filing the present lawsuit, SFL repossessed the Emsculpt Neo Workstation from the defendants and sold it at a private sale. (Doc. 10, p. 13). SFL thus requests an award of $246,112.99, representing the sum of (a) the difference between the total dollar amount the defendants failed to pay to SFL plus pre-judgment interest ($338,007.87) and the net proceeds of the sale of the Emsculpt Neo Workstation ($92,780.00) and (b) claimed $885.12 for accrued and unpaid interest. (*Id.*). *See* (Doc. 10, Ex. 1, ¶¶ 40–43) (wherein Vice President of Asset Management for SFL David McGowan declares SFL recovered possession of the Emsculpt Neo Workstation and received net proceeds of $92,780.00 from its sale); (Doc. 10, p. 16). The defendants did not respond to SFL's motion for default judgment.

## II.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

3

otherwise defend ... and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). "[E]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

Once liability has been established, the court must assess the damages requested by examining the affidavits. *See, e.g.*, *Svetlick v. Lucius*, No. 08-61525, 2009 WL 1203925, at *1 (S.D. Fla. May 1, 2009) (awarding default final judgment as to "the precise amount of damages, including actual damages as well as liquidated damages" under the agreement between the parties). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.   DISCUSSION

SFL moves for entry of default judgment on its claim of breach of contract against Dr. Lindsay in her individual capacity. (Doc. 10). The court will first address liability and then determine damages.

### A.   Liability

The guaranty agreements between SFL and Dr. Lindsay state New York law governs the agreements. (Doc. 1, Ex. 2; Ex. 7). "[U]nder New York law a breach of contract claim requires: '(1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach.'" *Signature Financial, LLC v. Motorcoach Class "A" Trans., Inc.*, No. 6:21-cv-729-PGB-DCI, 2022 WL 3646103, at *6 (M.D. Fla. June 16, 2022) (*citing Schlessinger v. Valspar Corp.*, 817 F.Supp. 2d 100, 105 (E.D.N.Y. 2011). *See also PNC Bank, N.A. v. Healey Plumbing, Inc.*, No. 19-Civ-60068, 2019 WL 3890858, at *2 (S.D. Fla. June 6, 2019) ("The same elements required to prove a breach of contract claim must be established to successfully allege a breach of guaranty claim.").

SFL alleges it acquired the rights to the Emsculpt Neo Workstation purchasing agreement on July 1, 2021, and Dr. Lindsay, as guarantor, breached the agreement when she failed to make the required monthly payments on June 1, 2022, July 1, 2022, and August 1, 2022. (Doc. 1, ¶¶ 48–53). SFL alleges that as a direct and proximate cause of Dr. Lindsay's breaches,

5

SFL was damaged in the amount left unpaid under the agreement. (*Id.* at ¶¶ 54–58).

The admitted allegations support SFL's breach of contract claims. Based on these allegations, and SFL's supporting affidavits, the undersigned recommends the court enter default judgment in SFL's favor on its breach of contract claim against Dr. Lindsay in her individual capacity (Count II).

### B. Damages

The court next turns to SFL's claim for damages. *See Anheuser Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). "Damages may only be awarded if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested." *Angelini v. Remasur USA, LLC*, No. 16-cv-21290, 2018 WL 4410008, at *3 (S.D. Fla. May 25, 2018) (citations omitted).

Damages for breach of contract should place the injured party in the position he would have been in had the breach not occurred. *Mnemonics, Inc. v. Max Davis Assoc., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002).

Based on the guaranties, the purchasing agreement, and Mr. McGowan's declaration, the undersigned recommends SFL recover $245.227.87.[2] (*See* Doc. 10). Though SFL's motion requests prejudgment interest at a per diem rate of $13.83 for a total of $885.12, SFL withdrew its request for prejudgment interest in a later notice. (*See* Doc. 12). SFL is however entitled to post-judgment interest under 28 U.S.C. § 1961, which provides "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).

## IV.   CONCLUSION

It is **RECOMMENDED** SFL's Motion for Default Judgment (Doc. 10) be **GRANTED in part** as to Count II, such that SFL be awarded **$245.227.87**, with post-judgment interest accruing at the statutory rate.

**ENTERED** in Tampa, Florida on November 28, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of

---

[2] $338,007.87 (total outstanding payments remaining on Emsculpt Neo Workstation) - $92,780.00 (net proceeds from sale of repossessed Emsculpt Neo Workstation) = $245.227.87.

this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.